# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAUL C. WOZNY,

           Petitioner,

v.                                                                     Case No.    05-C-0739

CATHY JESS,
Warden, Dodge Correctional Institution,

           Respondent.

## DECISION AND ORDER

The petitioner, Paul C. Wozny ("Wozny"), filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in which he claims that he did not voluntarily enter into the no-contest pleas that formed the basis of his conviction. He also alleges ineffective assistance of counsel. Wozny's petition is presently before the Court for Rule 4 review under the Rules Governing Section 2254 Cases in the United States District Courts.

Wozny's petition and the state court decisions appended thereto show that he is serving a 25-year prison sentence, to be followed by 45 years of extended supervision, for pleading no contest to charges of first-degree sexual assault of a child, causing a child to expose a sex organ, and repeated sexual assault of the same child. *See* Wis. Stat. §§ 948.02(1), 948.025(1), & 948.07(3).

Section 2254(a) of Title 28 of the United States Code states that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Upon review of the petition before it, this Court is satisfied that Wozny is "in custody" pursuant to the conviction he now challenges.

Section 2254(b)(1)(A) states that an application may not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254. Wozny identifies two grounds for relief in his petition. First, he claims that his plea of no-contest was unlawfully induced or involuntarily made because he did not understand the nature of the charges against him or the consequences of his plea. Second, Wozny claims the denial of effective assistance of counsel.

On direct appeal, Wozny argued that his pleas were not knowing, intelligent, or voluntary. The Supreme Court of Wisconsin denied his petition for review. However, neither Wozny's habeas petition nor the state court decisions attached thereto indicate that he presented his claim of ineffective assistance of counsel in Wisconsin state court. His petition is thus properly characterized as "mixed"–containing both exhausted and unexhausted claims.

It is unclear whether Wozny believes that he presented the issue of ineffective assistance to the state courts or whether he considers such presentment unnecessary. In the

2

supporting memorandum to his habeas petition, he states that "[a]lthough Wozny did not raise the issue of ineffective assistance of counsel by name, Wozny's position that his pleas of no contest were constitutionally defective rested in part on the lack of effort and time put into the plea questionnaire by trial counsel." (Mem. of Law in Supp. of Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody ["Supp. Mem."] at 11.) Thus, Wozny claims, "while ineffective assistance of counsel was not raised as an additional ground for relief, Wozny nonetheless argued the ineffectiveness of trial counsel as a basis for his constitutionally defective pleas." (*Id*. at 12.) Wozny has not cited any case law to support his proposition that the factual underpinnings of his involuntary plea claims also satisfy any fair presentment requirements for his ineffective assistance claim.

Regardless, the Court finds that the issue of ineffective assistance of counsel has not been fairly presented to the Wisconsin state courts. First, the Court points out that *Massaro v. United States*, 538 U.S. 500 (2003), holding that a *federal* defendant in a *federal* prosecution need not raise ineffective assistance claims on direct appeal, is not applicable in the present instance. *See Hayes v. Battaglia*, 403 F.3d 935, 937 (7th Cir. 2005). Wozny is a state prisoner bringing a petition pursuant to 28 U.S.C. § 2254. Second, under Wisconsin law, if a defendant seeks to withdraw a plea by claiming ineffective assistance of counsel, "[a] postconviction hearing must be held in the trial court, and trial counsel must testify and explain his or her conduct during the proceedings." *State v. Krieger*, 471 N.W.2d 599, 603 (Wis. Ct. App. 1991) (citations omitted). Furthermore, the "trial court must be given the

3

opportunity to apply the *Strickland v. Washington* . . . two-part analysis to determine if trial counsel's performance was deficient and if that deficient performance was prejudicial . . . ." *Id*. These steps were not taken in the state courts.

Neither the legal theory nor the facts underpinning Wozny's ineffective assistance of counsel claim were considered by the state courts. Wozny has not claimed, and there is no evidence in the record before this Court to indicate, that any Wisconsin state court analyzed his claim under the *Strickland* framework. Furthermore, as evidenced by the decision attached to Wozny's petition, the appellate court, on direct review, focused on the adequacy of Wozny's plea colloquy with the trial court. Interactions *outside of the courtroom* between Wozny and his counsel were neither presented nor considered. Yet, Wozny comes before this Court suggesting that the causal relationship between his counsel's competence and his entry of a plea obviates the needs to present his claim of ineffective assistance of counsel to the state courts. This Court does not agree.

There is a possibility that the facts of Wozny's ineffective assistance claim were raised in the trial court during a post conviction hearing held on April 10, 2003. (Supp. Mem. at 3.) However, Wozny's supporting memorandum does little to illuminate what transpired at that hearing. The Court does know that, at that hearing, Wozny testified that "trial counsel did not review the jury instructions with him." (Supp. Mem. at 6.) This is the only substantive information the Court has been given regarding the post-conviction hearing's consideration of any claim of ineffective assistance of counsel. This statement alone will not

4

change the Court's finding that Wozny has failed to present his claim of ineffective assistance of counsel to the state courts.

Based on the foregoing, the Court will not proceed with its Rule 4 analysis until Wozny has instructed the Court how he wishes to proceed. If Wozny wishes to proceed on the exhausted ground in his petition (i.e., the claim that his plea was involuntary and unknowing), he should inform the Court in writing that he does not wish to pursue his claim of ineffective assistance of counsel before this Court. In that event, the Court will dismiss that ground for relief and commence its Rule 4 analysis on the remaining ground. Alternatively, Wozny may seek to voluntarily withdraw his entire petition.

Wozny should be aware that if he chooses to withdraw his petition or if the Court dismisses a particular claim, he may be barred from bringing that claim(s) again in this Court based on the statute of limitations governing habeas petitions or statutory restrictions regulating the filing of successive petitions (see 28 U.S.C. § 2244).

The Court will begin its Rule 4 analysis once it has received communication from Wozny consistent with this decision.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Wozny **SHALL** inform the Court, no later than September 30, 2005, whether he (a) wishes to proceed only on his exhausted claim or (b) wishes to withdraw his petition in its entirety. If Wozny wishes to proceed, but only on his exhausted claim, his unexhausted ineffective assistance of counsel claim will be dismissed.

Dated at Milwaukee, Wisconsin this 8th day of September, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**