# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PAUL C. WOZNY,**

      Petitioner,

v.             Case No.   05-C-0739

**CATHY JESS,**
**Warden, Dodge Correctional Institution,**

      Respondent.

# DECISION AND ORDER

  The petitioner, Paul C. Wozny ("Wozny"), filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in which he claimed that he did not voluntarily enter into the no-contest pleas that formed the basis of his conviction. His petition also alleged ineffective assistance of counsel. In an order dated September 8, 2005, the Court informed Wozny that his claim for ineffective assistance of counsel was unexhausted and ordered Wozny to inform the Court whether he wished to withdraw his petition in its entirety or only proceed on the exhausted ground. In a letter dated September 14, 2005, Wozny stated that he will not pursue his ineffective assistance claim and understood that the Court, consistent with this position, would dismiss that claim from his petition. With that claim now removed, the Court proceeds to assess Wozny's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Wozny's petition and the state court decisions appended thereto show that he is serving a 25-year prison sentence, to be followed by 45 years of extended supervision, for pleading no contest to charges of first-degree sexual assault of a child, causing a child to expose a sex organ, and repeated sexual assault of the same child. *See* Wis. Stat. §§ 948.02(1), 948.025(1), & 948.07(3).

In its prior decision, the Court determined that Wozny was "in custody" pursuant to the conviction he is challenging. *See* 28 U.S.C. § 2254(a). The Court's prior decision also determined that Wozny exhausted his claim that he did not voluntarily enter into the no-contest pleas forming the basis of his conviction. The Court, having reviewed Wozny's claim of involuntary or unintelligent waiver, cannot say that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Therefore, the Court will order the Respondent to submit an answer. Because Wozny submitted a supporting memorandum with his petition, the Respondent also will be ordered to file a memorandum supporting its answer and addressing any factual or legal grounds raised by Wozny in his supporting memorandum. Wozny, if he chooses, may submit a reply.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Wozny's claim of ineffective assistance of counsel is **DISMISSED**.

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the Respondent is directed to serve and file an answer to the petition for a writ of habeas corpus no later than November 7, 2005.

Respondent's answer shall be accompanied by a memorandum responsive to the legal and factual points raised in Wozny's Memorandum of Law in Support of Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

Wozny, if he chooses, may file a reply brief no later than November 23, 2005.

Dated at Milwaukee, Wisconsin this 6th day of October, 2005.

BY THE COURT

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**